UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA FORNARIO,                                      Case Number:

                Plaintiff,

        -v-                                          **COMPLAINT**
                                                     **WITH JURY DEMAND**
SPONSORSHIP FOR EDUCATIONAL
OPPORTUNITY, INC. and SARAH GOODSTINE,

               Defendants.
------------------------------------------------------------------------X

      Plaintiff, MARIA FORNARIO ("Ms. Fornario" or the "Plaintiff") by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for her Complaint against

SPONSORSHIP FOR EDUCATIONAL OPPORTUNITY, INC. (the "Company" or "SEO") and

SARAH LEVIN GOODSTINE ("Goodstine") (together "Defendants"), alleges upon knowledge

to herself and her own actions and upon information and belief as to all other matters as follows:


### *NATURE OF CASE*

      1.    This action is brought pursuant to the Age Discrimination in Employment Act

("ADEA"), the New York State Human Rights Law, New York Exec. Law § 290 et seq., as

amended ("NYSHRL") and  the New York City Human Rights Law, Title 8 of the Administrative

Code of the City of New York, as amended, including The Local Civil Rights Restoration Act,

effective October 3, 2005 as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016

("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances.  Specifically,

Plaintiff brings claims for discrimination, unlawful termination, failure to hire, and retaliation on

the basis of age.

### *JURISDICTION AND VENUE*

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, insofar as it involves statutes of the United States, specifically, the ADEA.

3.      Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the New York causes of action which form other bases for recovery upon the same factual nexus, specifically Plaintiff's NYSHRL and NYCHRL claims.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

### ADMINISTRATIVE PROCEDURES

5.      On February 12, 2021, Ms. Fornario filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Company for their violations of the ADEA.

6.      More than 60 days have elapsed since Plaintiff filed her charge of discrimination with the EEOC.

7.      Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

### *THE PARTIES*

8.      The Plaintiff, Ms. Fornario is an individual residing in the State of New York, County of New York.

9.      At the time of her termination, Ms. Foranrio was 72 years old.

10.     At all times herein pertinent, Plaintiff was an "employee" and "person" within the meaning of the ADEA, NYSHRL and the NYCHRL.

11.     At all times herein pertinent, upon information and belief, SEO was and is a not for profit business corporation created pursuant to the laws of the State of New York.

12.     At all times herein pertinent, upon information and belief, SEO's principal place of business is located at 126 East 31st Street, New York, New York 10016.

13.     At all times herein pertinent, Defendant SEO was an employer of Ms. Fornario within the meaning of the ADEA, NYSHRL and NYCHRL.

14.     At all times herein pertinent, Defendant SEO had not less than twenty (20) persons in its employ.

15.     At all times herein pertinent, Defendant SARAH GOODSTINE ("Goodstine") was a resident of the State of New York.

16.     At all times herein pertinent, Defendant Goodstine, as the Chief Administrative Officer at SEO, had supervisory authority over the Plaintiff.

17.     As such, Goodstine had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of her employment.

18.     Defendant Goodstine was an employer of Mr. Fornario within the meaning of the NYSHRL and NYCHRL.

19.     Upon information and belief, Defendant Goodstine has, and at all times herein pertinent, had her actual place of business at 126 East 31st Street, New York, New York 10016.

20.     As stated in more detail below, Defendant Goodstine actually participated in the conduct giving rise to the claims of discrimination alleged herein and is liable as an aider and abettor of unlawful conduct.

## BACKGROUND FACTS

21.     SEO is a nonprofit organization whose mission is to provide supplemental educational and career support to young people who go to low performing schools.

22.     The corporate decisions regarding Plaintiff's employment including, but not limited to, hiring, firing, paying, and administering the terms, conditions and privileges of his employment were all made at the principal office of the Company in New York, New York.

23.     After interviewing with SEO's VP of finance, head of HR and Administration as well as the CEO and President, Ms. Fornario was hired by SEO in December 2015 as the Company's HR Manager.

24.     During her employment with SEO Ms. Fornario proved to be a smart, driven and ambitious employee.

25.     Due to the above work ethic, and before the events outlined below, Ms. Fornario received praise and positive reviews from supervisors and colleagues alike.

26.     Also due to the above work ethic, and before the events outlined below, Ms. Fornario was promoted to Direct of HR in or about September 2018.

27.     Due to her exemplary work history, and before the events outlined below, Ms. Fornario was never written up, reprimanded, or disciplined in anyway.

28.     In February 2020, the Plaintiff had a meeting with SEO's CEO, Mr. Goodloe, and COO, Mr. Faria. During this meeting, Messrs. Goodloe and Faria complimented Ms. Fornario and informed her that SEO would be reorganizing.  According to Goodloe and Faria, the reorganization would require the addition of an HR professional above Ms. Fornario who would report directly to Mr. Goodloe.

29.     Moreover, during the conversation above, both Mr. Goodloe and Fair stated that no matter what happened that there would always be a place for Ms. Fornario at SEO.  They further stated that she would not lose her title.

30.     In June 2020, SEO hired Defendant Goldstine as the Chief Administrative Officer.

31.     In the fall of 2020 Defendant Goldstine gave Ms. Fornario her first negative performance review.

32.     After giving Ms. Fornario her first negative performance review, Defendant Goldstine told Ms. Fornario that she may want to consider other opportunities within and outside of SEO.

33.     After the above conversations, Ms. Fornario explained that she would like to be considered for another position within SEO and emphasized the wealth of experience she had in human resources.

34.     In an attempt to continue her employment with SEO, Ms. Fornario routinely emphasized her strengths in employee relations, talent acquisition and as an HR business partner and requested that she be considered for any open positions.

35.     Ms. Fornario tried to get Defendant Goodstine to look at the wealth of HR experience in her resume. However, Plaintiff's efforts to direct Goodstine's attention to this, directly or indirectly, invariably fell upon deaf ears.

36.     Ms. Fornario's honest, good faith efforts to bend with the flow of the organization were instinctively rebuffed with no consideration.

37.     After the above conversations, Defendants were actively looking to expand their human resources department.  To that end, Defendants advertised several positions for which the Plaintiff was qualified.  This includes, but is not limited to, several associate director positions as well as a position as a contract recruiter.

38.     Ms. Fornario requested to be considered for the above positions, however, Defendants failed to hire or even review her qualifications.

39.     Defendants failed to hire Ms. Fornario because of her age.

40.     Throughout the first two weeks of December 2020, Ms. Fornario was conducting numerous audits and juggling several other projects requiring the Plaintiff to go into the SEO office despite the ongoing COVID-19 pandemic. Due to these ongoing projects, Ms. Fornario had daily phone meetings with the VP of HR.

41.     On or about December 15, 2020, the VP of HR called Ms. Fornario suddenly told Plaintiff she was to be terminated with her last day being January 15, 2021.

42.     When Ms. Fornario asked why she was being terminated, she was told that it was because SEO was growing while implying that Ms. Fornario would not be able to keep up with the increased workload due to her age.

43.     Due to the discriminatory nature of the events outlined in this Complaint, Ms. Fornario filed a charge of discrimination with the EEOC on February 12, 2021.

44.     Upon information and belief, within *two months* of receiving notice of the EEOC Charge, Defendants informed their staff that they were not to communicate with Ms. Fornario for any reason.

45.     Upon information and belief, Defendants informed their staff that if they had any contact with Ms. Fornario, they would be disciplined.

46.     Due to this blacklisting, Ms. Fornario has been unable to receive a letter of recommendation or reference from any of the Defendants' current employees.

47.     Defendants knew of discriminatory conduct and failed to take immediate and appropriate corrective action.

48.     Defendants treated members outside of Plaintiff's outside of her protected class more favorably by not subjecting them to the discriminatory conduct outlined above.

49.     Upon information and belief, Ms. Fornario was replaced by someone who was under age 40.

50.     Defendants have treated the Plaintiff unequally and less well than other employees because of her age in violation of the NYSHRL.

51.     Plaintiff was unlawfully discriminated against, on her age in violation of the NYCHRL.

52.     Plaintiff was treated less well than similarly situated employees in violation of the NYCHRL.

53.     Defendants terminated Plaintiff because of her age.

54.     Defendants blacklisted the Plaintiff for reporting Defendants' discriminatory conduct.

55.     Employees outside Plaintiff's protected class have and continue to be treated more favorably than Plaintiff.

56.     Upon information and belief, Defendants disciplined and terminated its older employees far more often than its younger employees.

### FIRST CLAIM FOR RELEF AGAINST DEFENDANTS
#### Age Discrimination Under ADEA

57.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58.     Defendants discriminated against Plaintiff on the basis of her age in violation of the ADEA by denying her the same terms and conditions available to younger employees, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

59.     Defendants discriminated against Plaintiff on the basis of her age, in violation of the ADEA, by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, harassment of Plaintiff because of her age.

60.     Defendants further discriminated against Plaintiff on the basis of her age by unlawfully terminating her.

61.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

62.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

63.     Defendants willfully violated the ADEA.

64.     Defendants have acted with malice or reckless indifference to Plaintiff.

65.     Therefore, Plaintiff is entitled to all remedies and relief afforded by the ADEA, including but not limited to, back pay, front pay, emotional distress, liquidated damages and attorney's fees and costs, as well as any and all injunctive relief.

### SECOND CLAIM FOR RELEF AGAINST DEFENDANTS
#### Retaliation Under ADEA

66.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67.     By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of age.

68.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

69.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

70.     Defendants willfully violated the ADEA.

71.     Defendants have acted with malice or reckless indifference to Plaintiff.

72.     Therefore, Plaintiff is entitled to all remedies and relief afforded by the ADEA.


### THIRD CLAIM FOR RELEF AGAINST DEFENDANTS
#### Age Discrimination under the NYSHRL

73.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74.     The New York State Human Rights Law Provides that it shall be an unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

75.     Defendants discriminated against Plaintiff on the basis of Plaintiff's age in violation of NYSHRL.

76.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

77.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

78.     Defendants have acted with malice or reckless indifference to the Plaintiff.


### FOURTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Failure to Hire under the NYSHRL

79.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80.     The New York State Human Rights Law Provides that it shall be an unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

81.     Defendants refused to hire Plaintiff on the basis of her age in violation of NYSHRL.

82.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

83.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

84.     Defendants have acted with malice or reckless indifference to the Plaintiff.

## FIFTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Retaliation under the NYSHRL

85.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of age.

87.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

88.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

89.     Defendants have acted with malice or reckless indifference to the Plaintiff.


## SIXTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Aiding and Abetting under the NYSHRL

90.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

91.     The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

92.     Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### SEVENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Discrimination Under the NYCHRL

93.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

94.     The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

95.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon her age.

96.     As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

97.     By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

## *EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Failure to Hire Under the NYCHRL*

98.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

99.     The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

100.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by failing to hire Plaintiff due to Plaintiff's age.

101.    As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

102.    By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

## *NINTH CLAIM FOR RELEF AGAINST DEFENDANTS*
### *Retaliation Under NYCHRL*

103.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

104.    The Administrative Code of the City of New York, states that it shall be unlawful discriminatory practice for any employer to

> retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter.

105.    By the actions described above, among others, Defendants retaliated against Plaintiff for making protected complaints regarding discrimination on the basis of race, national origin, and/or age.

106.    As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

107.    As a further proximate result of Defendants actions, Plaintiff suffered, and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

108.    Defendants' conduct was perpetrated with a conscious disregard of Plaintiffs' rights.

### TENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Aiding and Abetting Under NYCHRL

109.   Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

110.   The New York City Administrative Code Title 8 §8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

111.   Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### ELEVENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Employer Liability Under NYCHRL

112.   The Plaintiff repeats, reiterates, and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

113.   The New York City Administrative Code Title 8 §8-107(13) provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

114.     Due to the above provision, the entity defendant is liable under the NYCHRL.

## **JURY DEMAND**

115.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury with respect to all issues so triable

## ***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff requests a judgment against the Defendants:

a. Declaring that the Defendants have violated the aforementioned statutes;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, diminution in Plaintiff's prospective social security benefits which will be computed over the Plaintiff's prospective statistical life expectancy, and all other benefits the Plaintiff would have expected to earn during the Plaintiff's lifetime had it not been for Defendants' unlawful discrimination;

d. Awarding damages to the Plaintiff to make the Plaintiff whole for any economic losses suffered as a result of such unlawful employment practices;

18

e.  Awarding statutory penalties;

f.  Awarding Plaintiff compensatory damages for mental and emotional distress, pain and

suffering in an amount to be proven at trial;

g.  Awarding Plaintiff punitive damages;

h.  Awarding Plaintiff liquidated damages;

i.  Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution

of the action;

j.  Awarding pre and post-judgment interest as provided by law;

k.  Awarding Plaintiff such other and further relief as available under the statues;

l.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendants' unlawful employment practices.

Dated:  New York, New York
        April 26, 2021

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____

William Cafaro, Esq. (WC 2730)
Amit Kumar, Esq. (AK 0822)
*Attorneys for Plaintiff*
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400
BCafaro@CafaroEsq.com
AKumar@CafaroEsq.com

19